## In re ROBERTSON.

## KAUFMAN v. MORRISON.

(Circuit Court of Appeals, Third Circuit. March 2, 1925.)

No. 3219.

1. **Bankruptcy ⬅22—Court rule prohibiting employment of attorney who has acted in particular capacity is within authority of court to make.**

District Court rule, prohibiting receivers and trustees in bankruptcy from employing as their attorney, without special authority, an attorney who has acted in certain other capacities, is within authority of court under Bankruptcy Act 1898, § 2 (15), being Comp. St. § 9586.

2. **Bankruptcy ⬅114(1)—Referee's refusal to permit receiver's employment of particular attorney held not abuse of discretion.**

Referee's refusal to permit receiver to retain as his attorney attorney who had acted for creditors in filing involuntary petition in bankruptcy held not abuse of discretion.

3. **Bankruptcy ⬅482(1)—Attorney who acted as attorney for receiver without authority held not entitled to recover compensation.**

Attorney, who, after referee's refusal to permit receiver to employ him as his attorney, nevertheless served in that capacity in violation of District Court rule, held not entitled to recover compensation.

Petition to Revise Order of the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

In the matter of the bankruptcy of W. J. Robertson. On petition of A. H. Kaufman to revise an order of the District Court disallowing petitioner counsel fees for services rendered C. W. Morrison, trustee (for-

merly receiver) of the bankrupt estate. Order affirmed.

Lowrie C. Barton, of Pittsburgh, Pa., for petitioner.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. A. H. Kaufman, Esq., the petitioner, has brought here for review an order of the District Court disallowing his counsel fees for services rendered to C. W. Morrison as receiver in the bankrupt estate of W. J. Robertson. On August 20, 1923, the petitioner as counsel for certain creditors filed an involuntary petition in bankruptcy against W. J. Robertson. Three days later Hon. Harry M. Wick, referee in bankruptcy, to whom the case was referred, appointed Morrison receiver. On the same day the receiver presented a petition to the referee asking for the appointment of Mr. Kaufman as his attorney. On the back of the petition there later appeared, written in lead pencil, the word "Refused." Apparently in ignorance of the refusal, Kaufman acted as attorney for the referee without objection from any one, and filed several papers in behalf of the receiver, including an order for the sale of the real estate belonging to the estate in bankruptcy, a petition for confirmation of the sale, and the order confirming the sale. In all of these it was recited that Mr. Kaufman was the attorney of the receiver. When, however, the final account in which a counsel fee of $300 was asked for Mr. Kaufman was filed, it was disallowed by the referee. On appeal to the District Court the order was affirmed.

The referee and District Judge apparently based their disallowance in part upon the fact that the receiver was an attorney, and so did not need counsel in this small estate, but more especially upon rule 5 of the District Court which provides that:

"Unless specially authorized by the court, receivers and trustees in bankruptcy shall not retain as their attorney, the attorney of the bankrupt, of the petitioning creditors, of the person applying for the appointment of a receiver, or of any creditor, and trustees shall not retain as their attorney any attorney who has obtained proxies or voted upon the election of such trustees, or who is attorney for persons holding such proxies."

[1-3] The court is vested with authority to make this rule. Section 2 (15) of the Bankruptcy Act of 1898 (Comp. St. § 9586). It seems to us both wise and reasonable. Kaufman could not demand as a matter of right the annulment of this rule and his retention as attorney. It was not established that any attorney to the receiver in this case was a necessity. It was purely discretionary with the referee as to whether or not he would authorize the receiver to retain Mr. Kaufman. His refusal was not an abuse of discretion. While on general principles the laborer is worthy of his hire, and counsel should be paid a reasonable fee for services rendered, yet the apparent retention here was a plain violation of the rule of court. It was the duty of the receiver to comply with the rules of court. Both he and the petitioner are attorneys and knew the rule. Otherwise a petition for authority to retain Mr. Kaufman would not have been presented. If the receiver and his counsel chose to act in disregard of, or in opposition to, the rule, or upon an unwarranted assumption that authority had been or would be given, they are responsible for the consequences of the refusal of authority. The petitioner is in effect asking us to annul the rule of the District Court and reverse the referee and district judge on a matter purely within their discretion. There is no evidence of the abuse of discretion, and so the order appealed from is affirmed.